SANTA MARIA GAS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 11507.   Promulgated March 15, 1928.

*Walter C. Fox, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

TRAMMELL: The question here to be decided is the taxable gain received by the petitioner in 1921 from the sale of that part of the pipe line which was sold in that year. Considerable testimony was introduced relating to the transactions in 1920, but those transactions have no bearing here except as they show the cost of the property which was sold in 1921. By the end of 1920, Emerson had become financially involved to such an extent that he could not carry on his contract and ceased his operations in removal of the pipe. Both parties to the transaction treated the contract as having been revoked with respect to the pipe which Emerson had not removed and paid for. Thereupon, the petitioner proceeded to remove the pipe and to sell it. In 1921 the petitioner incurred expenses in connection with the removal and sale of the pipe in the amount of $12,502.70. The petitioner sold to Emerson during 1921, 46,334.42 feet of pipe, which was included in the original contract, at $46,302.93 gross. With respect to the cost of this pipe it appears that, prior to the date of purchase by the petitioner, as the result of a hearing before the Railroad Commission of California, it was determined by that body that the salvage value of this 125,378 feet of pipe was $108,000. A contract had at that time been entered into with Emerson to purchase this pipe at that price. This is an actual transaction between persons dealing at arm's length and, in our opinion, this is stronger evidence as to the allocation of the cost to the pipe in question than opinion evidence as to the salvage value of this property. When it was acquired by the petitioner, it was known that this property was not to be used by it in its business but was to be abandoned and sold after the Railroad Commission gave its authority therefor, in accordance with the contract. The value thereof as a part of a going business has little weight in determining its cost in the transaction.

It was contended by the petitioner that all of the assets acquired in connection with the pipe-line company were acquired as a unit and that the sale of a portion thereof did not amount to such a transaction as to give rise to gain or loss until the entire unit was sold. We do not agree with this theory. The property was separately sold. When the property was acquired the purchase price should be allocated to respective portions or parts making up the whole to determine the gain or loss on the sale of any part.

Of this basis the gain or loss of the petitioner should be determined by allocating the $108,000 of the purchase price to the 125,827 feet known as the Graciosa line. This would amount to 85.8 cents per foot. Forty-six thousand three hundred and thirty-four and forty-two one-hundredths feet of the said pipe was sold for the gross amount of $46.392. Expenses were incurred in connection with the removal of the pipe in the amount of $12,502.70.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*